UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(a)**

**CULLEN AND DYKMAN LLP**
433 Hackensack Avenue
Hackensack, NJ 07601
(201) 488-1300 (Tel)
(201) 488-6541 (Fax)
David Edelberg, Esq.
dedelberg@cullenanddykman.com
Proposed Counsel to Dianna Guadagnino

Order Filed on March 22, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In Re:<br><br>    Dianna Guadagnino,<br><br>                    Debtor. | Chapter 11<br><br>Case No.: Case No.: 17-12951(RG) |

## INTERIM ORDER (1) AUTHORIZING USE OF CASH COLLATERAL

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby ORDERED.

**DATED: March 22, 2017**

Honorable Rosemary Gambardella
United States Bankruptcy Judge

Debtor:        In re Dianna Guadagnino
Case No:       Case No.: 17-12951(RG)
Page 2 of 7

This matter is before the Court on the motion of Dianna Guadagnino, Inc. (the "Debtor")

for authority to use cash collateral on an interim basis pursuant to Bankruptcy Rule 4001(b) and

11 U.S.C. Section 363(c)(2)(B).  Notice of the motion together with notice of the preliminary

hearing thereon has been given and served by the Debtor to the (1) the United States Trustee, (2)

the Debtor's secured creditors, (3) any committee appointed under Section 1102 if one has been

appointed, and if not, to the twenty (20) largest unsecured creditors on the Rule 1007(d) list.  The

Court considered the motion, and after due deliberation and good and sufficient cause appearing

for the entry of the within order, it is hereby found:

A.        Notice and Hearing.  Notice of the motion and order shortening time pursuant

to D.N.J. LBR 9013-1(e) and Federal Rule of Bankruptcy Procedure 9006( c) for the

preliminary hearing on the Debtor's use of cash collateral has been served in accordance with

Section 102(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b),

which notice is appropriate in the particular circumstances and is sufficient for all purposes

under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief

requested.

B.        Chapter 11 Filed.  Debtor filed her petition under Chapter 11 of the Bankruptcy

Code on February 16, 2017 (the Petition Date") and is presently operating as a debtor-in-

possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

C.        Pre-Petition Debt.  M& T Bank, Carrington Mortgage Trust, Wells Fargo Bank

and Bank of America have first mortgages upon the Debtor's real properties as set forth below

(collectively, the "Secured Creditors").

| Property | Estimated Value | Lien Lolder and Balance Due |
|---|---|---|
| 287 Communipaw Avenue, Jersey City | $750,000 | M&T Bank -$400,000 |

Debtor:        In re Dianna Guadagnino
Case No:       Case No.: 17-12951(RG)
Page 3 of 7

| 252 Suydam Street, Jersey City | $600,000. | Carrington Mortgage Loan Trust- $450,000 |
| 109 Lafayette Street, Jersey City | $500,000 | Wells Fargo - $400,000 |
| 104 Pine Street, Jersey City | $485,000 | Bank of America - $350,000 |

D.      Pre-Petition Collateral.   The Secured Creditors have made a prima facie showing they have properly perfected first mortgages upon the Debtor's real properties at the commencement of the case, including possible claims upon the Debtor's rents and other collateral which is or may result in cash collateral.

E.      Cash Collateral.   "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in UCC Section 9- 306.

F.      Necessity and Best Interest.  The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in Chapter 11.  The Debtor requires immediate authority to use cash collateral as defined herein in order to continue her business operations without interruption toward the objective of formulating an effective plan of reorganization.   The Debtor's use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.  The amount of cash collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtor's budget, annexed hereto as Exhibit A, for the time period from the Petition Date through May 3, 2017 (the "Cash Collateral Budget").

Debtor:         In re Dianna Guadagnino
Case No:        Case No.: 17-12951(RG)
Page 4 of 7

G.      Purposes.  The Debtor is authorized to use cash collateral to meet the ordinary

cash needs of the Debtor (and for such other purposes as may be approved in writing by the

Secured Creditors) for the payment of actual expenses of the Debtor necessary to (a) maintain

and preserve her assets, and (b) continue operation of her business, including real estate taxes

and insurance expenses as reflected in the Cash Collateral Budget.

The Court having determined there is a reasonable likelihood that the Debtor will

prevail upon the merits at the final hearing of the Motion as required by Section 363(c)(3) of the

Bankruptcy Code, and for good cause shown, it is

ORDERED as follows:

1.      Use of Cash Collateral.  The Debtor is authorized, for the periods

and in accordance with the Cash Collateral Budget attached hereto as Exhibit A, to use cash

collateral for the following purposes:

a.  maintenance and preservation of its assets;

b.  the continued operation of her business, including but not limited to

real estate taxes,  and insurance costs;

2.      Adequate Protection.  As adequate protection for use of cash

collateral, the Secured Creditors are GRANTED:

a.      Replacement Lien.  Replacement Lien.  A replacement perfected security

interest under Section 361(2) of the Bankruptcy Code to the extent the Secured Creditors' cash

collateral is used by the Debtor, to the extent and with the same priority in the Debtor's post-

petition collateral, and proceeds thereof, that the Secured Creditors held in the Debtor's pre-

petition collateral.

b.      Statutory Rights Under Section 507(b).  To the extent the adequate

4

Debtor:          In re Dianna Guadagnino
Case No:         Case No.: 17-12951(RG)
Page 5 of 7

protection provided for hereby proves insufficient to protect the Secured Creditors' interest in

and to the cash collateral, the Secured Creditors shall have a superpriority administrative

expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims

against the Debtor under Section 507(a) of the Bankruptcy Code, whether in this proceeding or

in any superseding proceeding.

        c.      Deemed Perfected.  The replacement lien and security interest granted

herein is automatically deemed perfected upon entry of this Order without the necessity of the

Secured Creditors taking possession, filing financing statements, mortgages or other documents.

Although not required, upon request by the Secured Creditors, the Debtor shall execute and

deliver to the Secured Creditors any and all UCC Financing Statements, UCC Continuation

Statements, Certificates of Title or other instruments or documents considered by the Secured

Creditors to be necessary in order to perfect the security interests and liens in the Debtor's post-

petition collateral and proceeds granted by this Order, and the Secured Creditors are authorized

to receive, file and record the foregoing at the Secured Creditors' own expense, which actions

shall not be deemed a violation of the automatic stay.

        d.      The Debtor shall provide the Secured Creditors with all reports required

by the pre-petition loan documents and any other reports reasonably required by the Secured

Creditors, as well as copies of the Debtor's monthly United States Trustee operating reports.

Upon appointment of a Creditor's Committee, the Debtor shall submit a copy of the monthly

U.S. Trustee operating reports to counsel to said Committee if counsel has been appointed, and

until counsel is retained, to the Chairman of said Committee.

        e.      Default Hearing. In the event the Debtor defaults or violates this Order,

Debtor:        In re Dianna Guadagnino
Case No:       Case No.: 17-12951(RG)
Page 6 of 7

the Secured Creditors are entitled to request a hearing within fourteen (14) days (or if immediate

and irreparable injury, loss or damage may occur, an emergency hearing within 48 hours).

   f.  The Debtor shall remit monthly payments to the Secured Creditors

pursuant to the Cash Collateral Budget as further adequate protection.

   3.  Creditors' Rights of Inspection and Audit.  Upon reasonable notice

by the Secured Creditors, the Debtor shall permit such creditor and any of its agents reasonable

and free access to the Debtor's records and place of business during normal business hours to

verify the existence, condition and location of collateral in which said creditor holds a security

interest and to audit Debtor's cash receipts and disbursements.

   4.  Interlocutory Order and No Modification of Creditor's Adequate

Protection.  This is an interlocutory order.  Nothing contained herein shall be deemed or

construed to (a) limit the Secured Creditors to the relief granted herein: (b) bar the Secured

Creditors from seeking other and further relief (including without limitation relief from the terms

of this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest

entitled to notice of same: or (c) require the Secured Creditors to make any further loans or

advances to the Debtor.  The Order may be modified for cause shown by the Debtor, the Secured

Creditors or any other party-in-interest on due notice. No such modification, however, shall

deprive the Secured Creditors of their interest in the Debtor's property (pre-petition and post-

petition)

## FINAL HEARING ORDER

  IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or

other interested party having any objection to this Interim Order shall file with the Clerk of this

Court and serve upon counsel for the Debtor on or before the 26th day of April 2017 a written

Debtor:      In re Dianna Guadagnino
Case No:     Case No.: 17-12951(RG)
Page 7 of 7

objection and shall appear to advocate said objection at a Final Hearing to be held at 2:00 p.m.

on the 3rd day of May 2017 in Courtroom 3E of the United States Bankruptcy Court, Newark,

New Jersey.  In the event no objections are filed or not advocated at such hearing, then this Order

shall continue in full force and effect and shall be deemed a Final Order without further notice or

hearing in accordance with Federal Rules of Bankruptcy Procedure 4001(d)(3).

## <u>NOTICE ORDER</u>

IT IS FURTHER ORDERED that Debtor serve a copy of this Order and Notice by first

class mail within one (1) business day from the date hereof, on (1) the United States Trustee, (2)

the District Director of the Internal Revenue Service, (3) the New Jersey Division of Taxation,

(4) all known secured creditors, and (5) counsel to any committee appointed under Section 1102

of the Bankruptcy Code, if one has been appointed and if not, to Debtor's twenty (20) largest

Rule 1007(d) unsecured creditors.  Debtor shall immediately file with the Clerk a Certificate of

Service of said mailing.

# EXHIBIT A

**Cash Flow Projection**

**Income/Rent Roll:**

| Property | Tenant | Rent | Apartment |
|---|---|---|---|
| Communipaw | Ramsey Mormon | 2300 | 3.5 br |
| Communipaw | Han Singh Song | 1000 | 4 rooms |
| Communipaw | Andrews Hertz | 1700 | 1 br |
| Garages | John Ross | 500 | 2 garages |
| Garages | Koby Benvenisti | 420 | 2 garages |
| Garages | Richard | 400 | 2 garages |
| Garages | Basilio Rivera | 165 | 1 garage |
| Garages | James Ventura | 200 | 1 garage |
| Garage | Persy Ventura | 200 | 1 garage |
| Garage | Eli Benvenish | 400 | 2 garage |
| Garage | Michael Ciechotski | 200 | 1 garage |
| Garage | Dan & Diana Roorda | 170 | 1 garage |
| 104 Lafayette | Lisa Fennel | 2300 | 4 floor brownstone |
| 194 Pine | Jayne Freedman | 1875 | 2 floors and basement, house & yard |
| 252 Suydam | Amara Faulkner | 1275 | 2 floors & yard, 2 bedroom |
| 252 Suydam | Ken & Yolanda Young | 800 | 1 bedroom |
| 252 Suydam | Vacant | 1200 | Studio |
|  | **TOTAL:** | **$15,105.00** |  |

**Real Property Expenses:**

| EXPENSE | 287 Communipaw | 252 Suydam | 194 Pine Street | 104 Lafayette St |
|---|---|---|---|---|
| Taxes | 233.00 | 233.00 | 200.00 | 200.00 |
| Mortgage | 1,600.00 | 1,771.00 | 1,453.00 | 1,800.00 |
| Insurance[i] | 220.05 | 210.00 | 194.00 | 113.00 |
| Water | 150.00 | 150.00 | 0.00 | 0.00 |
| Electric | - | $100.00 | - | - |
| Maintenance/Repairs | 200.00 | 200.00 | 100.00 | 100.00 |
| **TOTAL** | **2,690.05** | **$2,916.00** | **$2,141.00** | **$2,322.00** |

**Total Real Property Expense: $10,069.05**

**Personal Expenses**

| Expense | Monthly Amount |
|---|---|
| Storage | 250.00 |
| Rent | 1000.00 |
| phone | 250.00 |
| internet and cable | 250.00 |
| health insurance | 84.80 |
| water | 150.00 |
| electric/gas | 100.00 |
| travel | 500.00 |
| Car gas & insurance | 200.00 |
| Professional Fees | 2,500.00 |
| **TOTAL:** | **$5,284.80** |

F:\EDELBERG\Guadagnino Dianna\Budget.docx

---

[i] The Debtor believes that the mortgage payments include insurance premiums, with the exception of Communipaw Avenue.  The insurance expenses for the other properties are included in the budget as a cautionary measure.