**UNITED STATES ATTORNEY'S OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* <br><br> DIANNA GUADAGNINO, <br><br> Debtor. | Chapter 11 <br><br> Case No. 17-12951-RG <br><br> Judge: Rosemary Gambardella <br><br> **Hearing Date: Sept. 18, 2018** <br> **Hearing Time: 11:00 a.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION**
**OF DEBTOR'S COMBINED CHAPTER 11 PLAN**
**AND DISCLOSURE STATEMENT**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Combined Chapter 11 Plan and Disclosure Statement (the "Plan") [ECF Doc. No. 103]. In support thereof, the Service respectfully represents as follows:

# OBJECTION

## A. The Plan is Generally Unconfirmable Based on the Debtor's Failure to File Tax Returns

1. As noted in the Service's proof of claim, the Debtor has failed to file Form 1040 Federal Income Tax Returns for tax years 2015 and 2016. *See* Claim No. 3. The Debtor has also failed to file a Form 1040 Federal Income Tax Return for tax year 2017. The Plan cannot be confirmed unless and until these delinquent returns are filed. 11 U.S.C. § 1106(a)(6) ("A trustee shall . . . for any year for which the debtor has not filed a tax return required by law, furnish, without personal liability, such information as may be required by the governmental unit with which such tax return was to be filed . . ."); *id.* § 1107(a) ("[A] debtor in possession . . . shall perform all the functions and duties . . . of a trustee serving in a case under this chapter"); *id.* § 1129(a)(2) (chapter 11 plan cannot be confirmed unless "[t]he proponent complies with the applicable provisions of this title."); *see also Brennan v. First Jersey Secs., Inc.*, 187 B.R. 135, 148 (Bankr. D.N.J. 1995) (explaining that Bankruptcy Code sections 1106(a)(6) and 1107(a) impose a duty on debtors in possession to file required tax returns).

2. Although the Plan contemplates confirmation will be *followed* by the Debtor's curing of these deficiencies, *see* Plan § 2.1.B, that is not how this works. Bankruptcy Code section 1129(a)(2) requires the Debtor to comply with all applicable Bankruptcy Code provisions *before* confirmation can occur. 11 U.S.C. § 1129(a)(2).

B. **The Plan is Not Confirmable Because it Fails to Provide for the Service's Priority Claim**

3.  With respect to the Service's Priority Claim asserted under 11 U.S.C. § 507(a)(8), *see* Claim No. 3, Bankruptcy Code section 1129(a)(9)(C) requires full payment in cash (plus post-confirmation interest) within five-years of the Petition Date. 11 U.S.C. § 1129(a)(9)(C); *United States v. Neal Pharmacal Co.*, 789 F.2d 1283, 1285 (8th Cir. 1986) ("Section 1129(a)(9)(C) provides that a debtor seeking confirmation of a reorganization plan under Chapter 11 may only defer the payment of priority tax claims if the creditor who is forced to accept the deferred payments receives interest on its claim in an amount that renders the deferred payments equivalent to the present value of its claim.").

4.  Here, because the amount of the Service's Priority Claim is estimated (based on the Debtor's continued failure to file her tax returns), it is unclear whether the Plan will provide full payment as required by section 1129(a)(9)(C). *See* Plan § 2.1.B. The Plan also fails to provide for the payment of post-confirmation interest at the statutory rate of 5%.[1] Because the Service does not consent to the foregoing treatment, the Plan is not confirmable. 11 U.S.C. § 1129(a)(9)(C).

5.  To be clear, before the amount of the Priority Claim can even be determined with certainty, the Debtor needs to file her delinquent federal income

---

[1] Pursuant to Bankruptcy Code section 511, the rate of interest – currently 5% – is determined under non-bankruptcy law as of the calendar month in which the Plan is confirmed. 11 U.S.C. § 511(a)-(b).

tax returns. As noted above, the failure to file these returns provides an independent basis for denying confirmation of the Plan.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: September 5, 2018

                              CRAIG CARPENITO
                              United States Attorney

                              */s/ Eamonn O'Hagan*
                              EAMONN O'HAGAN
                              Assistant U.S. Attorney


                              *Attorneys for the*
                              *United States of America*