**NANCY ISAACSON, ESQ. (NI1325)**
**Greenbaum, Rowe, Smith & Davis LLP**
75 Livingston Avenue
Roseland, New Jersey 09068
Attorneys for Liberty Park Commons, LLC.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Dianna Guadagnino<br><br>Debtor. | Chapter 11<br><br>Case No. **17-12951 (RG)**<br><br>Confirmation Hearing:<br>September 18, 2018 at 11:00 AM |

### OBJECTION OF LIBRTY PARK COMMONS LLC TO CONFIRMATION OF DEBTOR'S COMBINED CHAPTER 11 PLAN AND DISCLOSURE STATEMENT

Liberty Park commons, LLC ("Liberty Park"), by and through its counsel Greenbaum, Rowe, Smith & Davis LLP, objects to the confirmation of Debtor's Combined Chapter 11 Plan And Disclosure Statement, and in support thereof, states as follows:

### BACKGROUND

1. In essence, this is Debtor's attempt to reorganize the substantial debt associated with her investment properties in Jersey City, New Jersey while discharging her unsecured debt. While debtor proposes to pay unsecured creditors a small dividend, her income and expenses as reflected in her monthly operating reports indicates that she is barely meeting her expenses and does not have an income stream or cash on hand to pay the claims as she proposes.

2. Further, her assets consists of four parcels of mortgaged real estate from which she derives her income. Debtor sets forth values for the real estate without any

       documentation supporting these values. It appears that debtor set the value of each real estate parcel at the amount of the outstanding secured debt.

3. Three secured creditors have filed motions to vacate the automatic stay. While debtor resolved two stay relief motions, M&T Bank's motion for stay relief relating to 287 Communipaw Ave., Jersey City, NJ, which motion is returnable on the same date as the confirmation hearing, September 18, 2018 at 11:00 AM, remains unresolved. As indicated in M&T's proof of claim and objection to confirmation, Debtor has not maintained her post-petition obligations and is in arrears approximately $145,000.00.

4. The last Monthly Operating Report ("MOR's") was filed on June 22, 2018 for May 2018. No Monthly Report has been filed since June 2018. The May Operating Report confirms that Debtor is barely meeting expenses, paid two of her three secured creditors, is operating in the negative and has very little cash on hand.

5. The Debtor's proposed Plan of Reorganization cannot be confirmed because it is not feasible and is not proposed in good faith codified at 11 U.S.C. § 1129(a)(3) and (11).

## OBJECTIONS TO PLAN OF REORGANIZATION

6. "A court shall confirm a plan only if, *inter alia*, it 'has been proposed in good faith and not by any means forbidden by law[,]' and if it is feasible. 11 U.S.C. §§ 1129(a)(3), (11); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 243 n.59 (3d Cir. 2004) (interpreting 11 U.S.C. § 1129(a)(11)). The debtor has the burden of proving that a disclosure statement is adequate, including showing that the plan is

confirmable or that defects might be cured or involve material facts in dispute. *Accord* In re Curtis Ctr. Ltd. P'ship, 195 B.R. 631, 638 (Bankr. E.D. Pa. 1996);*In re R & G Props., Inc*., No. 08-10876, 2009 WL 2043873, at *5 (Bankr. D. Vt. July 6, 2009)." In Re American Capital Equipment, 688 F.3d 145, 155 (3rd Cir. 2012).

7. The Debtor's proposed Plan is not confirmable because she has no equity in the Mortgaged Properties, has insufficient cash flow to make the proposed payments under the Plan and her liquidation analysis is not premised upon any reliable information as to the value of her assets.

8. "A plan is confirmable only if it is feasible, *In re Combustion Engineering*, 391 F.3d at 243 n.59, that is, if '[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.' 11 U.S.C. § 1129(a)(11). Even a planned liquidation 'must be feasible.' *Accord* In re Calvanese, 169 B.R. 104, 107 (Bankr. E.D. Pa. 1994)." In Re American Capital Equipment, supra, 688 F.3d at 155-56.

9. The proposed Plan is patently unconfirmable.

10. "A plan is proposed in good faith only if it will 'f*airly* achieve a result consistent with the objectives and purposes of the Bankruptcy Code.' *In re Combustion Eng'g,* 391 F.3d at 247(emphasis added); *see also* Young v. United States, 535 U.S. 43, 50, 122 S. Ct. 1036, 152 L. Ed. 2d 79 (2002) ('[B]ankruptcy courts . . . are courts of equity and "appl[y] the principles and rules of equity jurisprudence."'

-3-

(quoting *Pepper v. Litton*, 308 U.S. 295, 304, 60 S. Ct. 238, 84 L. Ed. 281 (1939)).” In Re American Capital Equipment, supra, 688 F.3d at 158.

11. The Debtor's proposed Plan was not presented in good faith because it would not achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

In light of the foregoing, Liberty Park Commons, LLC objects to the confirmation of Debtor's proposed Plan of Reorganization.

GREENBAUM, ROWE, SMITH & DAVIS LLP<br>
Attorneys for Liberty Park Commons, LLC

Dated: September 9, 2018        By:   */s/ Nancy Isaacson*
                                        Nancy Isaacson