GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, N.J. 08625-0106
Attorney for the New Jersey
    Division of Taxation

By:  Ramanjit K. Chawla (1181)
    Deputy Attorney General
    (609)376-2862

FILED
JEANNE A. NAUGHTON, CLERK
FEB - 6 2019
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____ DEPUTY

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:

Dianna Guadagnino,

Debtor.

Hon. Rosemary Gambardella, U.S.B.J.

Case No.: 17-12951 (RG)

Chapter 11

CONSENT ORDER RESOLVING THE NEW JERSEY DIVISION OF TAXATION'S PROOFS
OF CLAIM

    The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED**.

2-6-19                          _____
                                                    USBJ

THIS MATTER, having come before the Court by Debtor Dianna Guadagnino's ("Debtor") Motion to Expunge claims of New Jersey Division of Taxation ("Taxation") and State of New Jersey, Motor Vehicle Commission ("N.J. MVC") (Document Number 132); and Taxation, and N.J. MVC having filed Proofs of Claim (Claims Register Numbers 4-2); and Debtor, represented by David Edelberg, Esq., and Taxation and N.J. MVC, represented by Gurbir S. Grewal, Attorney General (Ramanjit K. Chawla, Deputy Attorney General, appearing), having agreed to an amicable resolution of this matter; and for good cause shown;

IT IS HEREBY ORDERED that Taxation's secured proof of claim filed on April 5, 2017 (Claims Register Number 5-1), in the amount of $3,428.38 shall be allowed in its entirety and paid in full on the effective date of the Debtor's Chapter 11 Plan; and

IT IS HEREBY FURTHER ORDERED that the priority amount of Taxation's second amended proof of claim filed on November 29, 2018 (Claims Register Number 6-3), in the amount of $3,597.00, shall be allowed in its entirety and paid in full on the effective date of the Debtor's Chapter 11 Plan; and

IT IS HEREBY FURTHER ORDERED that the general unsecured portion of Taxation's second amended proof of claim filed on November 29, 2018 (Claims Register Number 6-3), in the amount of

2

$655.04, shall be paid as other general unsecured creditors through Debtor's Chapter 11 Plan; and

IT IS HEREBY FURTHER ORDERED that N.J. MVC's proof of claim filed on April 5, 2017 (Claims Register Number 7-1), in the amount of $830.25, shall be allowed in its entirety; secured portion of claim 7-1 in the amount of $330.25 shall paid in full on the effective date of the Debtor's Chapter 11 Plan; and general unsecured portion of claim 7-1 in the amount of $500.00 shall be paid as other general unsecured creditors through Debtor's Chapter 11 Plan; and

IT IS HEREBY FURTHER ORDERED that upon payment in full of Taxation's secured claim (DJ-142657-15), Taxation will issue a warrant of satisfaction of all liens securing such claim; and

IT IS HEREBY FURTHER ORDERED that upon payment in full of N.J. MVC's secured claim (DJ-005675-17), N.J. MVC will issue a warrant of satisfaction of all liens securing such claim; and

IT IS FURTHER ORDERED THAT the following default language shall apply to the Debtor's Chapter 11 Plan:

Retained Jurisdiction and Enforcement Remedies for Tax Claimants: Notwithstanding anything in this plan to the contrary, the Bankruptcy Court shall not retain jurisdiction with respect to tax claims except for (i) resolving the amount any tax claims arising prior to confirmation, and (ii) enforcing the discharge provisions of

3

the confirmed plan. A failure by the reorganized debtor to make a payment to holders of tax claims pursuant to the terms of the plan shall be an event of default. If the reorganized debtor fails to cure an event of default as to Plan payments on the tax claims within thirty days after receipt of written notice of default from a tax claimant, then the tax claimant may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies such tax claimant may have under applicable nonbankruptcy law; and/or (c) seek such relief as may be appropriate in this Court; and

IT IS HEREBY FURTHER ORDERED that if any provision of this Consent Order conflicts with any other Order entered in this case, including an order confirming Debtor's Chapter 11 Plan and/or a discharge order, the provisions of this Order shall control.

CONSENTED AS TO FORM, CONTENT AND ENTRY:

CULLEN AND DYKMAN LLP
Counsel to Debtor

By: /s/ David Edelberg, Esq.

Dated:

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Taxation

By: /s/ Ramanjit K. Chawla
Valerie A. Hamilton
Deputy Attorneys General

Dated: 2/1/2019