UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(a)

**NANCY ISAACSON, ESQ (NI/1325)**
**GREENBAUM, ROWE, SMITH & DAVIS, LLP**
75 Livingston Avenue
Roseland, NJ 07068-3701
(973) 258-0500
Attorneys for Liberty Park Commons, LLC

| | |
|---|---|
| In Re: | Chapter 11 |
| Dianna Guadagnino | Case No: 17-12951 (RG) |
| Debtor. | Judge: Rosemary Gambardella |

### LIBERTY PARK, LLC'S OBJECTION TO DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AMENDING THE COURT'S FEBRUARY 13, 2019 ORDER

Liberty Park Commons, LLC ("Liberty Park") by and through its counsel, Greenbaum, Rowe, Smith & Davis, LLP objects to debtor Dianna Guadagnino's ("Debtor") Application for an Amended Order Approving Post-Petition Secured Borrowing ("Application") and in support thereof states as follows:

1.  Debtor's Application is a last minute attempt to further delay performing the financial requirements to confirm her proposed Plan of Reorganization. Specifically, Debtor seeks to delay the date by which she must pay M&T Bank. Debtor has been languishing in Chapter 11 for more than two years (petition date is February 16, 2017) to the detriment of her secured and unsecured creditors.

5584517.1

2. As explained more fully below, the Application must be denied as it seeks substantive relief which requires evidential support; it is not merely a "comfort order" for the lender as Debtor suggests.

3. The Motion to Approve Post-Petition Financing ("Motion") was filed on November 14, 2018, Doc. No. 132. Pursuant to the Order Granting Application to Shorter Time, a hearing was scheduled for November 28, 2018, Doc. No. 137.

4. The hearing on the Motion was rescheduled to December 13, 2018, and then rescheduled to January 17, 2019 and again to February 7, 2019.

5. Liberty Park filed an objection (Doc. No. 150) to the Motion asserting, *inter alia*, that the commitment for the post-petition financing was from an unknown lender, Toby Mug Financing LLC ("Lender"), with little information about its credibility in the financial marketplace and the contingencies set forth in the commitment letter raised serious questions about the likelihood that Debtor could satisfy the financial costs attendant to the financing.

6. Proposed post-petition lenders participate in the process to approve the post-petition financing by issuing commitment letters, reviewing Debtor's financial situation, assisting Debtor in preparation of documents to obtain approval for the Bankruptcy Court, including dictating the terms of the Order approving the financing and otherwise providing the necessary documentation and information required under the bankruptcy code in order to obtain an Order approving the proposed post-petition financing.

7. At the hearing on the Motion, Debtor represented to the Court that the proposed Lender fully supported the relief requested in the Motion and that she was prepared to proceed to closing within 45 days of entry of an order approving the post-petition financing.

8. Over Liberty Park's objection, the Court approved the Motion and entered an Order on February 13, 2019 Approving Post-Petition Financing ("Order") (Doc. No. 155).

9. The Order required Debtor to close the Post-Petition financing within 45 days of entry of the Order or by March 30, 2019.

10. On March 25, 2019, 40 days after entry of the Order approving the post-petition financing and four months after Debtor filed the Motion to approve the post-petition financing, Debtor filed the subject Application to Amend the Order because "the proposed Lender has requested the entry of an Order amending the financing order to specifically recognize; (i) the 5.5% annual points; (ii) the minimum monthly payments of $1,000.00 and resulting negative amortization; and (iii) attaching the amortization schedule annexed to the financing commitment." See, paragraph 22 of the Application.

11. It is remarkable that after four months since the Motion was filed and forty days after the Order was entered that the Debtor now seeks to amend the Order. Debtor does not explain the eleventh hour Hail Mary.

12. Liberty Park objects to the requested relief because 1) there is no explanation why these three points have to be explicitly set forth in an Order when those terms were set forth in the Motion; 2) there is no evidence such as a letter from the Lender requesting this amendment and 3) the proposed Amended Order contains additional terms not set forth in the Application.

13. In the original Order entered on February 13, 2019, Doc. No. 155, the first Ordered paragraph establishes the amount of the post-petition financing:

> "ORDERED, the Debtor is authorized pursuant to Sections 364(c) of the Bankruptcy Code to obtain financing from Toby Mug Financing LLC ("Toby") in the amount of up to $450,000.00 for purposes of satisfying M&T Bank's first mortgage upon the Communipaw Property and satisfying miscellaneous costs associated therewith, . . ."

3

14. By the Application, as stated above, Debtor not only seeks to amend this Order to disclose the 5.5% annual points, minimum monthly payments of $1,000.00 and resulting negative amortization and to attach the amortization schedule. Debtor also seeks approval of additional $40,000.0 of financing and to delay the date to pay M&T.

15. The proposed Amended Order Approving Post-Petition Financing at p.2 reveals the $40,000 increased loan amount:

> . . . and it appearing that Toby Mug Financing, LLC, the Debtor's Lender ("Toby") has requested an amended Order in order to reflect Court approval of certain terms of the mortgage loan as disclosed in Toby's financing commitment, dated October 22, 2018 and the amortization schedule annexed thereto (collectively, the "Commitment Letter"), including: (i) **increasing the loan amount by approximately $40,000.00**; (ii) approval of Toby's receipt of 5.5 points annually, as reflected in the Commitment Letter; (iii) approval of the required minimum monthly payments of $1,000.00, and (iv) the addition of the principal balance of the mortgage loan of the interest and points in excess of the minimum monthly interest only payments, and the accrual of the loan balance of any required points not actually paid by the Debtor prior to the maturity of the loan as reflected in the amortization schedule annexed to the Financing Commitment and annexed hereto as Exhibit "A" ("Negative Amortization"), and (d) Negative Amortization arising from the above terms of the loan . . .". (Emphasis supplied)

16. The first Ordered paragraph of the proposed Amended Order authorizes the increased loan amount:

> ORDERED, the Debtor is authorized pursuant to Sections 364(c) and the Bankruptcy Code to obtain financing from Toby in the increased amount of up to **$490,000.00**.
> (Emphasis supplied.)

17. The increase of the loan amount is not set forth in the Debtor's Application and is a significant change in the requested relief to approve post-petition financing which requires

4

5584517.1

documentation to a) support this substantive change, b) her ability to secure this debt and c) evidence that the Lender has committed to increase the loan amount.

18. Similarly, the third Ordered paragraph of the proposed Amended Order grants Debtor an additional 20 days from entry of the Amended Order to close the post-petition financing and pay M&T Bank; another delay:

> ORDERED, the Debtor is granted an additional (20) days from the date hereof to close upon Toby's financing and fully satisfy M&T's mortgage upon the Communipaw Property

19. The four month delay since the Motion was filed and now the delay obtained by this Application leads one to believe that the Debtor is not prepared to fulfill the post-petition financing; is not prepared to confirm her proposed Plan; and is using the Application as a further delay ploy.

20. It is telling that the Debtor does not support the Application with the Lender's request to have the Order approving post-petition financing amended. Debtor is using the bankruptcy process to delay the consequences of her default on the mortgages for each of properties that she owns and her substantial unsecured debt.

21. In light of the foregoing, Liberty Park respectfully requests that the Application for the Entry of an Order Amending the February 13, 2019 Order be denied.

Greenbaum, Rowe, Smith & Davis LLP  
Attorneys for Liberty Park Commons, LLC

By: _s/s Nancy Isaacson_  
Nancy Isaacson, Esq.

Dated: April 4, 2019