UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(a)**

**CULLEN AND DYKMAN LLP**
433 Hackensack Avenue
Hackensack, NJ 07601
(201) 488-1300 (Tel)
(201) 488-6541 (Fax)
David Edelberg, Esq.
dedelberg@cullenanddykman.com
*Counsel to Dianna Guadagnino*

In Re:

      Dianna Guadagnino,

            Debtor

Chapter 11

Case No.: 17-12951(CMG)
Judge: Christine M. Gravelle
Hearing Date: June 18, 2019 @ 2:00 p.m.

### DECLARATION OF DIANNA GUADAGNINO IN SUPPORT OF CONFIRMATION OF HER CHAPTER 11 PLAN

Dianna Guadagnino, being of full age, hereby certifies as follows:

1.     I am the Debtor in the above captioned matter. In this capacity, I am responsible for, among other things, managing and supervising my assets and financial affairs.

2.     I have dealt with all aspects of my Chapter 11 Case including, but not limited to, the preparation of my Schedules and Statements of Financial Affairs and monthly operating reports, the accuracy of the books and records upon which I rely upon in the management of my properties, the resolution of claim objections and creditor issues, the resolution of the claims of the multiple mortgage holders, and the formulation of the Plan.

3.     I submit this Declaration in support of confirmation of my *Chapter 11 Plan of Reorganization.* I reviewed and signed the Plan after discussions with counsel and am familiar with the information set forth in the Plan and Disclosure Statement. The information set forth in

the Plan is true and correct to the best of my knowledge, information and belief.

4.     Except as otherwise indicated, I make this Declaration based upon my personal knowledge, my review of relevant documents, information provided to me by my counsel, or my opinion based on my knowledge of my financial affairs.  If called upon to testify, I would testify as to the facts set forth  herein.

## I.  APPROVAL OF THE PLAN

5.     Confirmation of the Plan and the various settlements with multiple mortgage holders and other creditors are the product of hard-fought,  good faith negotiations between the parties. I understand that the Plan has been accepted by all voting Classes of creditors entitled to vote on the Plan.

6.     The Plan is based in part upon:  (i) various settlements with multiple mortgage holders and creditors; and (ii) refinancing M&T Bank's mortgage.   Following extensive negotiations, I was successful in resolving all Plan objections filed by the United States of America, Internal Revenue Service ("IRS"), Navient and multiple mortgage holders herein. Moreover, I have successfully refinanced M&T Bank's mortgage upon the real property located at 287 Communipaw Avenue, Jersey City, New Jersey.

7.      Consequently, all creditors support the Plan.  The sole remaining objection, filed by Liberty Park Commons LLC ("Liberty"), has been withdrawn; and Liberty did not appear at the June 18, 2019 confirmation hearing to prosecute same.

8.     I believe that the confirmation of the Plan will maximize the value of the Debtor's Estate. Based on my discussions with counsel, I believe that the settlements with the mortgage holders and other creditors should be approved as a part of the Plan.

9.     As referenced above, the Debtor and the mortgage holders have recently agreed

2

upon the terms of the Plan, which agreements will be memorialized in the proposed confirmation

order.  My progress in resolving Plan objections are summarized in the chart below.

| OBJECTING CREDITOR | RESOLUTION |
|---|---|
| United States, Internal Revenue Service | Required tax filings provided, Plan objection withdrawn. |
| Navient | The settlement of this objection is reflected in the proposed order confirming the Plan.  This creditor has agreed to support confirmation of the Plan. |
| Bank of America | The settlement of this objection is reflected in the proposed order confirming the Plan.  This creditor has agreed to support confirmation of the Plan. |
| US Bank National (Specialized Loan Servicing, LLC) | The settlement of this objection is reflected in the proposed order confirming the Plan.  This creditor has agreed to support confirmation of the Plan. |
| M&T Bank | Paid in full by the M&T Refinancing.   This creditor has agreed to support confirmation of the Plan. |
| Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE1 Asset-Backed Pass-Through Certificates | The settlement of this objection is reflected in the proposed order confirming the Plan.  This creditor has agreed to support confirmation of the Plan. |

10.     As demonstrated above, all Plan objections have been resolved, except for the

objection filed by Liberty, which has been withdrawn as referenced above.

## II. COMPLIANCE WITH THE BANKRUPTCY CODE

**A.**     **Plan Compliance with Bankruptcy Code -  11 U.S.C. § 1129(a)(1)**

11.     I believe, based on discussions with counsel, that the Plan complies with section

1129(a)(1) of the Bankruptcy Code because it satisfies the applicable requirements of sections

1122 and 1123 of the Bankruptcy Code regarding the classification and contents of the Plan

as  well as other applicable provisions of the Bankruptcy Code.

*Compliance with 11 U.S.C. § 1122.*

12.      I believe that the Plan complies with the classification requirements of section

1122 of the Bankruptcy Code because the Claims or Equity Interests in each class are

substantially similar to the other Claims or Equity Interests in such Class.

13.      I believe that valid business, factual, and legal reasons exist for classifying

separately the various Classes of Claims and Equity Interests under the Plan.

*Compliance with 11 U.S.C. § 1123*

14.      I believe that the Plan satisfies the requirements of section 1123(a) of

the  Bankruptcy Code because:

- ▪  1123(a)(1): T h e  Plan designates eight (8) Classes of Claims and Equity
  Interests for the Debtor.

- ▪  1123(a)(2),(3):  All Classes are impaired under the Plan, except for M&T
  Bank, and the Plan specifies the  treatment for each such Class.

- ▪  1123(a)(4): The Plan specifies the treatment of Claims and Equity Interests in
  each Class and provides for the same treatment by the Debtor for each Claim
  or Equity Interest contained within each particular Class  unless the holder of
  a particular Claim or Equity Interest has agreed to a less  favorable treatment
  of such Claim  or Equity Interest.

- ▪  1123(a)(5): The Plan provides for adequate and proper means for
  implementation of the Plan.
- ▪  1123(a)(7): The Plan provides that the current management of the  Debtor's
  properties will continue to be managed by the Debtor.  The Plan contains no
  provisions regarding the management that are contrary to the interests of holders
  of Claims and Equity Interests  or to public policy.

15.      I believe that the Plan's incorporation of certain of the provisions

described below is in compliance with section 1123(b) of the Bankruptcy Code:

- ▪  1123(b)(1): The Plan describes the treatment for all Impaired and Unimpaired
  Classes of Claims and Equity Interests under the Plan.

- ▪  1123(b)(5): The Plan provides for the modification of the rights of holders of

4

Claims in all Classes, except for M&T Bank.

- ▪ <u>1123(b)(6)</u>: Section 5 of the Plan enjoins the assertion of claims against the Debtor and her estate.

*Approval of Releases - 11 U.S.C. § 1123(b)(6)*

16.    I am advised by counsel that section 1123(b)(6) of the Bankruptcy Code permits the inclusion in a plan of any appropriate provision not inconsistent with the terms of the Bankruptcy Code, which could include the release and injunctive provisions contained in the Plan.

17.    **Injunction and Release**. I am advised by counsel that the Release contained in section 5.2 of the Plan operates to provide for the release and discharge of any and all Claims asserted against the Debtor and its estate. On that basis, I believe that the Release should be approved. I also believe based on discussions with counsel that the Injunction is necessary to effectuate and implement the release provisions of the Plan and is essential to protect the Debtor and the Estate Parties from any potential litigation from pre-petition creditors after the Effective Date. Any such litigation would hinder my efforts to implement the provisions of the Plan.

18.    **Exculpation**. Based on my discussions with counsel, I believe that the Exculpation provided for in section 5.3 of the Plan is proper and appropriately circumscribed to the conduct of the Debtor and the Debtor's professionals in these Chapter 11 Cases with appropriate carve-outs for wrongful conduct. I believe that all of the Debtor's professionals played a key role in this Chapter 11 case and formulation of the Plan and that the exculpation contained in the Plan should be approved.

**B.    Proponent Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(2).**

19.    I have managed the properties since the Petition Date and, based upon the advice

of counsel, I believe that I have has complied in all material respects with my duties and obligations as debtor-in-possession, including with respect to disclosure and solicitation of acceptances of the Plan.

20.    I believe that I have complied with the requirements of section 1125 of the Bankruptcy Code because I am advised by counsel that the solicitation of acceptances of the Plan was in good faith and in compliance with the applicable provisions of the Bankruptcy Code. I am advised by counsel that the procedures by which the Ballots were distributed and tabulated were fair, properly conducted and in compliance with the Disclosure Statement Order and applicable law.

21.    I believe that I have complied with section 1126 of the Bankruptcy Code because I am advised by counsel that the Plan has been accepted by the required majority and amount of creditors who voted on the Plan. Classes 1 (M&T Bank) is supporting confirmation based upon the M&T Refinancing; Class 2 (Wells Fargo as Trustee for Carrington Mortgage) is impaired, did not cast a ballot, and has agreed to support confirmation of the Plan.

22.    Class 3 (US National Bank, Serviced by Wells Fargo) is impaired, did not cast a ballot, and has agreed to support confirmation of the Plan.  Class 4 (Bank of America) is impaired, did not cast a ballot, and has agreed to support confirmation of the Plan.

23.    Class 5 (Dianne Clemente, Second Mortgage Holder), voted in favor of confirmation of the Plan.  Class 6 (Navient) is impaired, did not cast a ballot, and has agreed to support confirmation of the Plan.

24.    All six (6) ballots cast for unsecured creditors in Class 7, representing claims in the aggregate amount of $119,646.55, voted in favor of confirmation of the Plan.

25.    Class 8 consists of equity interest holders, and I support confirmation of the Plan.

Case 17-12951-RG    Doc 182    Filed 07/26/19    Entered 07/26/19 12:06:21    Desc Main
Document        Page 7 of 12

26.    I believe based on my discussions with counsel that the Debtor has complied with the applicable provisions of the Bankruptcy Code and that the Plan satisfies section 1129(a)(2) of the Bankruptcy Code.

**C.    The Plan Has Been Proposed in Good Faith - 11 U.S.C. § 1129(a)(3).**

27.    I have proposed the Plan in good faith and, according to counsel, not by any means forbidden by law. The Plan has been proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate for the benefit of creditors. I believe that the Plan achieves this purpose, as it provides for a significant return to the creditors herein.

28.    The Plan is the product of arms' length bargaining with five (5) different creditors and is overwhelmingly supported by unsecured creditors.

29.    I believe that the good faith in this case is further demonstrated by the fact that six (6) Plan objections have been resolved.

30.    I believe that the Plan has been proposed in good faith and, based on my discussions with counsel, satisfies section 1129(a)(3) of the Bankruptcy Code.

**D.    Payment for Services – 11 U.S.C. § 1129(a)(4).**

31.    I understand that all payments to be made by the Debtor for Professional Fee Claims will be paid only after Court approval as reasonable in accordance with the requirements of the Bankruptcy Code and the agreements between the Debtor and the Professionals retained in these Chapter 11 Cases. Based on my discussions with counsel, I believe that the Plan satisfies section 1129(a)(4) of the Bankruptcy Code.

**E.    Disclosure of Required Information Regarding Directors, Officers, Insiders – 11 U.S.C. § 1129(a)(5).**

32.    The Plan states that I will continue to manage my assets as envisioned by Chapter 11 of the Bankruptcy Code. I believe that I am best suited to manage the properties and

7

implement the payments required by the Plan.  I will continue to occupy a portion of 287 Communipaw Avenue, Jersey City, New Jersey, and receive any excess income after Plan distributions to unsecured creditors have been completed.

**F.**     **Inapplicable Provisions – 11 U.S.C. § 1129(a)(6), 1129(a)(13) – (a)(16).**

33.     It is my understanding based on advice of counsel that the requirements set forth in sections 1129(a)(6) (government regulation of rates charge) and 1129(a)(13) through (a)(16) (retiree benefits, domestic support, individual debtors and property transfers pursuant to the plan) of the Bankruptcy Code do not apply to the  Plan.

**G.**     **The Plan is in the Best Interests of Creditors – 11 U.S.C. § 1129(a)(7).**

34.     I understand based on discussions with counsel that the best interests test requires  that each holder of an impaired claim or interest either accepts the Plan or will receive or retain  property under the Plan that has a value, as of the Effective Date, that is not less than the amount  such holder would receive or retain if the Debtor were liquidated under chapter 7 of the  Bankruptcy Code. Counsel has advised me that the best interests test does not apply because all classes have voted or otherwise agreed to  accept the Plan.

35.     Given that the Plan avoids the added expense of a trustee and a trustee's professionals for liquidating the Debtor's assets, I submit that approval of the Plan will provide a greater dividend to unsecured creditors than such creditors would receive if this matter were converted to a Chapter 7 case. Therefore, I believe that confirmation of the Plan is in the best interests of the creditors because  they  will receive more money under  the  Plan  than  they would  receive  if  the  Debtor  was liquidated under chapter 7 of the Bankruptcy Code. Based on  the  foregoing reasons, I believe that the Debtor has satisfied the best interests test under section 1129(a)(7) of the Bankruptcy Code.

**H.**    **Acceptance of the Plan – 11 U.S.C. § 1129(a)(8).**

36.    I have reviewed the Ballot Certification and understand, based on my discussions with counsel, that all Classes, except for M&T Bank, are impaired under the Plan and have voted or otherwise agreed to accept the Plan. M&T Bank has been paid in full and is deemed to accept the Plan, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

**I.**    **Payment of Priority Claims – 11 U.S.C. §1129(a)(9).**

37.    It is my understanding that Article 2 of the Plan satisfies section 1129(a)(9)(A) of the Plan because it provides that Allowed Administrative Claims and Allowed Professional Fee Claims shall be paid in full in Cash from the Debtor obligated for the payment of such Claim on or as soon as reasonably practicable after the Effective Date or, with respect to Allowed Professional Fee Claims, the date such Professional Fee Claim becomes Allowed, or receive such less favorable treatment as may be agreed by such holder and the applicable Debtor. I expect that there will be a balance of approximately $2,000.00 due to my accountant, and an estimated $75,000.00 due to Cullen and Dykman LLP as of this week. I am further advised by counsel that thee limited, Allowed priority claims against the Debtor of the kinds set forth in section 1129(a)(9)(B), (C) or (D) of the Bankruptcy Code, have been resolved or paid in full, consisting of: (i) a New Jersey SVS Surcharge of $330.25 has been fully paid; and (ii) the New Jersey Division of Taxation ("New Jersey") agreed secured claim and priority claims of $3,428.38 and $3,597.00, respectively, have been fully paid. Therefore, I believe that the Plan satisfies section 1129(a)(9) of the Bankruptcy Code.

**J.**    **Acceptance by Impaired Class – 11 U.S.C. §1129(a)(10).**

38.    As set forth in the Ballot Certification, holders of Impaired Claims in Classes

5  (Dianne Clemente), 8 (equity interest holders) and 7 (Unsecured Creditors) voted to accept the

Plan, and the   Plan satisfies 1129(a)(10) of the Bankruptcy Code.   In addition, as previously

referenced the objections to the Plan filed by Navient, Bank of America, US National Bank and

Wells Fargo Bank, N.A. have been resolved and all of these creditors have agreed to support

confirmation of the Plan.

**K.**    **The Plan is Feasible – 11 U.S.C. § 1129(a)(11).**

39.    Based on any discussions with counsel and accountants, I am confident that

the Plan is feasible and complies with the  applicable provisions of section 1129(a)(11) of the

Bankruptcy Code.  I have previously deposited a $10,000.00 new capital contribution into Cullen

and Dykman LLP's trust account in or about November, 2018.  In addition, I have total projected

monthly income of over $19,000.00.   Such income consists of monthly rental income of

$16,260.00 and monthly net income from employment of approximately $3,000.00.  My monthly

expenses regarding the properties are approximately $11,000.00 monthly.   My usual living

expenses are approximately $5,500.00 (inclusive of monthly professional fee payments of

$2,000.00).  Thus, I expect to have monthly income that exceeds the monthly expenses.

40.    I also have procured a signed mortgage discharge from Dianne Clemente

regarding the 287 Communipaw, Jersey City, New Jersey ("Communipaw Property").  Removal

of such lien was a condition of the financing provided by Toby Mortgage in order to refinance

M&T Bank's mortgage on the Communipaw Property.

**L.**    **Payment of U.S. Trustee Fees – 11 U.S.C. § 1129(a)(12).**

41.    I understand that the Plan provides for the payment of all U.S. Trustee fees on

the  Effective Date and thereafter as may be required.  I further understand that the amount due

to the U.S. Trustee is less than $500.00

42.     The Debtor's remaining assets and funds available for funding the plan are as follows:

| | |
|---|---|
| DIP Bank Account | $10,763.00 |
| Attorney Trust Account | $15,000.00 |
| Total | $25,763.00 |

43.     The foregoing funds will be utilized as follows:

| | |
|---|---|
| Unsecured Creditors | $5,000.00 |

44.     In addition to the above distributions, the Debtor owes approximately $75,000 to counsel.  Counsel has agreed to receive a portion of its allowed fees from the funds in counsel's trust account, and the balance through regular monthly payments.

### III. CONCLUSION

45.     Based on the foregoing, and based on my involvement in the Plan process in this Chapter 11 Case and the advice of counsel, as described above, I respectfully request that the  Plan be confirmed.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  July ___, 2019

/s/ Dianna Guadagnino
Dianna Guadagnino

11

F:\EDELBERG\Guadagnino Dianna\Pleadings\Confirmation Cert  7.10.19.docx